## BALL *vs.* SHELL.

An *execution* which would be deemed *dormant* as against a *judgment creditor*, is *fraudulent* as against a *subsequent bona fide purchaser.*

THIS was an action of *trespass*, tried in October, 1837, before the Hon. JOHN WILLARD, one of the circuit judges.

The action was brought for the taking of a span of horses, a waggon and sleigh, purchased by the plaintiff at a public auction held by one *Jacob Settle, jun.* on the first February, 1836. The property was taken from the possession of the plaintiff on the 9th June, 1836, by a deputy sheriff, who had levied upon it by virtue of an execution in favor of the now defendant against *Settle* and two others on 24th April, 1835. and permitted it to remain in the possession of Settle, with the assent of the plaintiff in the execution. The judge ruled that such execution would be deemed *dormant* as against a subsequent execution, and that in his opinion it was equally inoperative as against a subsequent *bona fide* purchaser. The defendant also showed that in the autumn of 1835, *Settle* assigned the property in question to one *Silas Brown*, for the benefit of his creditors, and offered to prove that such assignment was fraudulent. The plaintiff objected to the evidence as irrelevant, and the objection was sustained by the judge. The defendant failed in showing that the plaintiff had *notice* of the levy. The jury, under the charge of the judge, found a verdict for the plaintiff. The defendant moves for a new trial.

*J. McKown*, for the defendant.

*S. Stevens*, for the plaintiff.

*By the Court*, NELSON, Ch. J. It is clear that the execution of the defendant would have been deemed fraudulent as against a *judgment creditor*, *Kellogg* v. *Griffin*, 17 Johns. R. 274; and the reason of the principle governing in that case applies with equal force in favor of a *bona fide pur-*

*chaser.* Nor is the application new. *Bailey* v. *Bunning,* 1 Lev. 174. Ross on Vendors, 169. 1 Maule & Sclw. 711.

Whether *Settle* sold the property at the auction for himself, or as the agent of *Brown,* to whom it is alleged he had collusively assigned it, cannot affect the plaintiff, for a *bona fide* purchaser of a fraudulent *vendee* stands in as good a situation as if he had purchased from the *vendor.* The plaintiff here obtained all the title which *Settle* had, and which was sufficient when relieved from the execution. The *delay* effected that as it respects a *bona fide* purchaser.

New trial denied.